**MUNTER CONSTRUCTION COMPANY, Inc., a corporation, and United States Fidelity and Guaranty Company, a corporation, Appellant,**

**v.**

**J. J. O'LEARY, Deputy Commissioner, Fourteenth Compensation District, U. S. Department of Labor, Appellee.**

No. 14451.

United States Court of Appeals Ninth Circuit.

June 8, 1955.

Ralph E. Franklin, Seattle, Wash., for appellants.

Stuart Rothman, Sol. of Labor, Ward E. Boote, Asst. Sol. of Labor, Herbert P. Miller, Atty., Dept. of Labor, Washington, D. C., Charles P. Moriarty, U. S. Atty., Leonard Ware, Edward J. McCormick, Jr., Asst. U. S. Attys., Seattle, Wash., for appellee.

Before STEPHENS, HEALY and FEE, Circuit Judges.

PER CURIAM.

This case arose on a petition for judicial review of a compensation order made by appellee, Deputy Commissioner, pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., as made applicable to employment at certain defense areas by 42 U.S.C.A. §§ 1651–54.

The Deputy Commissioner awarded compensation to the wife and dependents of one Ellis, an employee of appellant, who was accidentally killed while helping to roll a log off a railroad right of

way. Appellant was the prime contractor in the construction of the railroad, and in connection therewith Sparling Steel Company had a subcontract for the removal of an old railroad bridge and the construction of a new one. The question in the case is whether or not Ellis was acting at the time as a "loaned" servant of Sparling. The Deputy Commissioner found that Ellis' injury and death arose out of and in the course of his employment by appellant. The trial court refused to disturb the finding and the consequent award, hence this appeal.

The factual situation is obscure and there is no need to develop it in detail. Ellis was concededly appellant's employee, and there is no sufficient showing of his transfer to an employee-employer relationship with Sparling. Indeed the record affords some reason for believing that the work he was doing at the moment of his death was a part of appellant's obligation under its contract. The finding of the Deputy Commissioner is supported by substantial evidence on the record considered as a whole, and the judgment below must be affirmed.

Affirmed.